```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VINCENZO OPPEDISANO,                                          :
                    Plaintiff,                                :
v.                                                            :        ORDER
                                                              :
LYNDA ZUR,                                                    :        20 CV 5395 (VB)
                    Defendant.                                :
--------------------------------------------------------------x
```

      On August 31, 2020, defendant filed a letter-motion seeking limited jurisdictional discovery. (See Doc. #14). In the application, defendant challenged plaintiff's assertions contained in his amended complaint, that his New York corporation—Sano Aviation Corporation—owned the Florida fixed-based operator, Sano Jet Center. (See Doc. #13 ¶¶ 147–155). Indeed, defendant claims that: "a trust was created," "Plaintiff signed a purchase and sale agreement with respect to the shares of Sano Aviation Corporation," and "the company was . . . domesticated in Florida." (Doc. #14 at 2). Accordingly, defendant now seeks: "(1) a subpoena for deposition/documents to the law firm (Connors & Sullivan, PC) believed to have prepared the subject trust document; (2) a subpoena for deposition/documents to the accountant (Salvatore Ceravolo) referenced in the First Amended Complaint who most certainly has knowledge of the subject trust . . . ; and (3) a document request issued to Plaintiff." (Id. at 3). Defendant seeks such discovery in anticipation of a motion to dismiss the amended complaint for lack of personal jurisdiction and improper venue.

      Plaintiff argues the Court should deny defendant's request because "whether Sano [Aviation] Corp. is a Florida corporation is entirely unrelated to whether this Court has personal jurisdiction over Zur or whether this District is the proper venue for this action." (Doc. #16 at 2). And "the inquiry before the Court on Zur's intended motion to dismiss under Rule 12(b)(2) is whether Zur—not Sano [Aviation] Corp.—is subject to personal jurisdiction in the Southern District." (Id.).

      Upon motion, the Court must dismiss an action against any defendant over whom it lacks personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). To prevail on such a motion, the plaintiff "bears the burden of showing that the court has jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003) (per curiam). "[T]he plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001). "To make this showing, a plaintiff may demonstrate through its own affidavits and supporting materials, containing a good faith averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendant." Commodity Futures Trading Comm'n v. TFS-ICAP, LLC, 415 F. Supp. 3d 371, 380–81 (S.D.N.Y. 2019).

      Courts may rely on materials outside the pleadings in considering a motion to dismiss for lack of personal jurisdiction. See DiStefano v. Carozzi N. Am., Inc., 286 F.3d at 84. If the court considers pleadings and affidavits submitted by the parties, the plaintiff's prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d

659, 673 (2d Cir. 2013).  "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits."  MacDermid, Inc. v. Deiter, 702 F.3d 725, 727 (2d Cir. 2012).  But "[i]f the parties present conflicting affidavits, . . . all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."  Great W. Ins. Co. v. Graham, 2020 WL 3415026, at *7–8 (S.D.N.Y. June 22, 2020).  When "a plaintiff has failed to a make a prima facie case of personal jurisdiction, particularly [when] the jurisdictional allegations are simply insufficiently developed rather than insufficiently specific, a district court has broad discretion to permit jurisdictional discovery rather than dismissing the claim outright."  Id.

Here, the Court finds that defendant's request for limited jurisdictional discovery respecting whether Sano Aviation Corp. was domesticated in Florida in 2011 is not merited at this time.  First, the Court tends to agree with plaintiff that the import of whether Sano Aviation Corp. was domesticated in Florida is not dispositive of whether the Court has personal jurisdiction over Zur.  Moreover, as noted in the case law, the Court has broad discretion to permit plaintiff to undertake jurisdictional discovery to establish personal jurisdiction.  Thus, the Court declines defendant's request to engage in limited jurisdictional discovery for the purpose of defeating personal jurisdiction.

Accordingly, defendant's application to engage in limited jurisdictional discovery is DENIED.  (Doc. #14).

Given that plaintiff has elected to file an amended complaint, by September 30, 2020, defendant may either (i) file an answer to the amended complaint, (ii) file a motion to dismiss the amended complaint, or (iii) notify the Court by letter that she is relying on the initially filed motion to dismiss.

The Clerk is instructed to terminate the pending letter motion.  (Doc. #14).

Dated: September 9, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge