UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VINCENZO OPPEDISANO,  :
           Plaintiff,  :
   :  **ORDER**
v.  :
   :  20 CV 5395 (VB)
LYNDA ZUR,  :
           Defendant.  :
--------------------------------------------------------------x

      On July 29, 2022, plaintiff moved for leave to file a second amended complaint, in which plaintiff seeks to add six new defendants, including one individual, one corporation, and four limited liability companies ("LLCs"). (Doc. #65). In his proposed second amended complaint, plaintiff does not state a basis for this Court to exercise subject-matter jurisdiction over the dispute as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. It appears, however, that plaintiff is invoking subject matter jurisdiction by reason of diversity of citizenship under 28 U.S.C. § 1332.

      To invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Thus, 28 U.S.C. § 1332 "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Id.; see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). Specifically, 28 U.S.C. § 1332(a)(1) applies when the dispute is between "citizens of different States."

      "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" Id. (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)). "[R]esidence alone is insufficient to establish domicile for jurisdictional purposes." Van Buskirk v. United Grp. of Cos., 935 F.3d 49, 54 (2d Cir. 2019).

      An LLC has the citizenship of each of its individual or entity members. Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000).

      Here, in his proposed second amended complaint, plaintiff alleges that putative individual defendant Myles has an address in Toronto, Ontario. (Doc. #66-3 ¶ 15). That is, he does not allege Myles's domicile.

      With respect to the four putative LLC defendants, plaintiff alleges that they were organized in Florida, are registered to do business in Florida, and, in some cases, that defendant Zur or putative defendant Myles "is a managing member" of the LLC. (Doc. #66-3 ¶¶ 17–24 (emphasis added)). In other words, plaintiff does not identify all the members of these LLCs or their citizenships.

1

Accordingly, in plaintiff's reply, he must address whether this Court would have subject-matter jurisdiction over the proposed second amended complaint. Plaintiff's reply shall be filed by **August 17, 2022.**

Defendant may, but is not required to, file a sur-reply addressing the question of subject-matter jurisdiction by **August 24, 2022.**

Dated: August 11, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge