UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VINCENZO OPPEDISANO,
                 Plaintiff,

v.

LYNDA ZUR,
                 Defendant.
--------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

20 CV 5395 (VB)

Briccetti, J.:

    Plaintiff Vincenzo Oppedisano brings this action against defendant Lynda Zur, his former girlfriend and, allegedly, his former business partner.

    Now pending is plaintiff's motion for leave to file a second amended complaint. (Doc. #65).

    For the following reasons, the motion is DENIED.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

I.    The Complaint

    Plaintiff commenced this action by filing a complaint in Supreme Court, Orange County, on June 29, 2020. (Doc. #1-1 ("Compl.")). Defendant removed the case to this Court on July 14, 2020, based on diversity of citizenship.

    On August 3, 2020, defendant moved to dismiss the complaint or, in the alternative, to transfer venue to the Southern District of Florida. (Doc. #7). The next day, the Court issued an order informing plaintiff that if he did not amend his complaint in response to the motion to dismiss, the Court would be "unlikely to grant plaintiff a further opportunity to amend." (Doc. #10).

    Plaintiff filed an amended complaint on August 25, 2020. (Doc. #13 ("FAC")).

II.     The Amended Complaint

In the amended complaint, plaintiff alleges he and defendant were partners in an aviation business known as a "fixed-base operator" (or "FBO") beginning in 2005.[1]  (FAC ¶¶ 37–38). Plaintiff alleges he worked "tirelessly" for the partnership and that, through his "tremendous efforts and contributions . . . it attained a value of millions of dollars."  (Id. ¶¶ 126, 248).

Plaintiff then alleges, in 2019, defendant cut him out of the business; misappropriated his partnership share; and rebranded the FBO with a new partner, Marshall Myles.  Specifically, plaintiff alleges defendant, assisted by Myles, orchestrated a transfer of plaintiff's stock in the FBO to Sigrun Corporation ("Sigrun"), an entity defendant purportedly controls, without plaintiff's knowledge.  (See FAC ¶¶ 149, 164).

Plaintiff asserts several state-law claims against defendant and, as relief, seeks the value of his alleged partnership share as well as punitive damages.

Defendant moved to dismiss the amended complaint on September 29, 2020; the motion was denied in part and granted in part on July 28, 2021.  Relevant here, the Court dismissed plaintiff's claim for the imposition of a constructive trust on defendant's alleged new partnership with Myles.  The Court dismissed this claim without prejudice, reasoning that "discovery may lead to facts demonstrating that plaintiff does not have an adequate remedy at law, that personal jurisdiction over the partnership exists, and that the partnership aided or abetted defendant's alleged unjust enrichment, or is properly subject to this Court's authority in this case."  (Doc. #30 ("Tr."), at 36–37).

---

[1] According to plaintiff, an "'FBO' is an organization granted the right by an airport to operate at the airport and provide aeronautical services such as fueling, hangaring, tie-down and parking, aircraft rental, aircraft maintenance, flight instruction, and similar services."  (FAC ¶ 38).

III.    <u>The Proposed Second Amended Complaint</u>

On September 2, 2021, the Court issued a Civil Case Discovery Plan and Scheduling Order, which established a deadline of October 1, 2021, for the parties to move to amend pleadings or join additional parties. (Doc. #28 ¶ 3). The parties moved for, and were granted, three extensions of the discovery schedule. Fact discovery closed on August 31, 2022, and all discovery will close on September 30, 2022. (Doc. #64 ¶¶ 5(a), 8). At no time did the parties request an extension of the October 1, 2021, deadline to move to amend the pleadings or join additional parties. (<u>See</u> Docs. ##34, 53, 61).

Plaintiff moved for leave to file a second amended complaint on July 29, 2022. (Doc. #65). His proposed second amended complaint names Myles and Sigrun as defendants, as well as Fort Lauderdale Executive Jet Center, LLC; Fort Lauderdale 13, LLC; FXE Parcel 14, LLC; and FXE Parcel 15, LLC (the "Proposed LLC Defendants"). (<u>See</u> Doc. #66-4 ("Proposed SAC")). Plaintiff requests leave to assert claims that Myles aided and abetted defendant's fraud and breach of fiduciary duty and veil-piercing claims against Sigrun and the Proposed LLC Defendants. He also seeks to renew his request to impose a constructive trust on the assets of the rebranded FBO, which plaintiff contends are held by Sigrun and the Proposed LLC Defendants.

**DISCUSSION**

I.    <u>Standard of Review</u>

A.    <u>Rule 15(a)(2)</u>

Rule 15(a)(2) provides the Court "should freely give leave" to amend a complaint "when justice so requires."

The Supreme Court has stated that:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

3

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962).[2]

An amended pleading is futile when, as a matter of law, the proposed complaint would not survive a Rule 12 motion, such as a Rule 12(b)(1) motion for lack of subject matter jurisdiction or a Rule 12(b)(2) motion for lack of personal jurisdiction.  Bandler v. Town of Woodstock, 832 F. App'x 733, 735–36 (2d Cir. 2020) (summary order) (Rule 12(b)(1)); Spiegel v. Schulmann, 604 F.3d 72, 78 (2d Cir. 2010) (per curiam) (Rule 12(b)(2)).

    B.    Rule 21

When a party moves to amend his complaint to add new parties, Rule 21 also applies. Chow v. Shorefront Operating LLC, 2021 WL 225933, at *3 (E.D.N.Y. Jan. 20, 2021).  Rule 21 provides that the Court may add parties "at any time, on just terms."  Fed. R. Civ. P. 21.  Thus, the Court has "broad discretion to permit a change in the parties at any stage of a litigation." Four Star Cap. Corp. v. NYNEX Corp., 183 F.R.D. 91, 98 (S.D.N.Y. 1997).  In deciding whether to permit the addition of a new party, courts have considered "whether the party seeking joinder has unnecessarily delayed the proceedings; and whether the nonmovant would be prejudiced by the addition." Id.

    C.    Rule 16(b)(4)

In addition, Rule 16(b)(4) applies when a party moves to amend a pleading after a court-ordered deadline to do so has expired.  Specifically, the Rule provides that the Court's scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P.

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

16(b)(4).  As a result, when a motion to amend a pleading is made after the deadline has expired, "the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause."  Holmes v. Grubman, 568 F.3d 329, 334–35 (2d Cir. 2009).  "The burden of demonstrating good cause rests with the movant."  Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 282 F.R.D. 76, 79 (S.D.N.Y. 2012).

"Whether good cause exists turns on the diligence of the moving party."  Holmes v. Grubman, 568 F.3d at 335.  For example, "[t]he court may deny leave to amend where the party seeking it knew or should have known the facts sought to be added to the complaint."  Mason Tenders Dist. Council v. Phase Constr. Servs., Inc., 318 F.R.D. 28, 37 (S.D.N.Y. 2016).

The Court may also consider "whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants."  Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007).  Courts "are particularly likely to find prejudice where the parties have already completed discovery and the defendant has moved for summary judgment."  Werking v. Andrews, 526 F. App'x 94, 96 (2d Cir. 2013) (summary order).

II.   Motion to Amend

   A.   Lack of Good Cause

Defendant contends plaintiff has not demonstrated good cause to modify the Court's scheduling order and thus should not be permitted to file a second amended complaint after the expiration of the Court-ordered deadline.

The Court agrees.

Here, as an initial matter, plaintiff's motion was untimely.  Each scheduling order agreed upon by the parties and signed by the Court clearly states the deadline to move to amend the

5

pleadings and add parties was October 1, 2021.  (Docs. ##28 ¶ 3; 36 ¶ 3; 56 ¶ 3; 64 ¶ 3).

Plaintiff's argument to the contrary—that the deadline was actually extended to August 11, 2022,

because the Court's form scheduling order states, in a parenthetical, that the deadline for

amended pleadings and joinder of additional parties shall be, "[a]bsent exceptional

circumstances, 30 days from date of this Order"—is not merely meritless, it is frivolous.  This

parenthetical language offers guidance to the parties when they are completing the form during

the Rule 26(f) conference; it does not set a deadline in and of itself.

Because plaintiff's motion is untimely, he has the burden to demonstrate good cause

exists to modify the scheduling order.  Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v.

Coventry First LLC, 282 F.R.D. at 79.  Plaintiff has not done so.

First, plaintiff has not demonstrated diligence.  Plaintiff contends his proposed

amendments are based on information he learned in discovery, but he does not actually identify

any such information.  Instead, to the extent his proposed amendments are supported by factual

allegations, these factual allegations are premised on information that has been either public or in

his possession since before this lawsuit was commenced.

With respect to the addition of Myles and Sigrun as defendants, plaintiff alleged they

were involved in defendant's scheme to deprive plaintiff of his purported partnership stake in the

FBO in his initial and first amended complaints.  (See Compl. ¶¶ 157, 163, 170; FAC ¶¶ 149,

164).  Further, plaintiff's "new" factual allegations relate to Myles's statements in a 2019 press

release (Proposed SAC ¶ 301); public corporate filings made in 2011, 2012, and 2013 (id.

¶¶ 183–87); plaintiff's personal loans to defendant from 2014 to 2015 (id. ¶¶ 192–94); and

plaintiff's provision of tools and equipment to the FBO.  (Id. ¶ 243).  In other words, plaintiff

seeks to add factual allegations based on information that was public or uniquely within his

possession well before he commenced this lawsuit in 2020.  Moreover, plaintiff's citation to phone records that purportedly show defendant and Myles had numerous conversations from 2018 to 2020 is irrelevant.  (See id. ¶¶ 198–200).  Plaintiff was already aware the two went into business together; he did not learn this from reviewing their phone records.

Plaintiff also does not identify any new evidence that would justify the late addition of the Proposed LLC Defendants.  In his moving brief, plaintiff alludes to public records implicating FXE Parcel 15, LLC (see Doc. #67, at 14–15), but again, according to plaintiff's proposed second amended complaint, he has known about this entity since at least October 2011 when he negotiated a lease with the City of Fort Lauderdale on its behalf.  (Proposed SAC ¶ 130).  Plaintiff does not cite to any new evidence justifying the addition of the remaining Proposed LLC Defendants in his briefing, or make any nonconclusory allegations regarding their conduct in his proposed pleading.

Second, granting plaintiff leave to amend will prejudice defendant.  This case has been going on for more than two years, and fact discovery has closed.  Adding six new nondomiciliary defendants could add years to this litigation, especially considering they are poised to contest personal jurisdiction.  (See Doc. #68, at 10).  Although no summary-judgment motion has been filed, the Court concludes defendant will be prejudiced by this late amendment.

B.     Futility of Amendment

Even if plaintiff had shown good cause to modify the scheduling order, the motion would still be denied.

For one, amendment would be futile because plaintiff has not demonstrated the existence of subject matter jurisdiction over the proposed second amended complaint.  "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."

7

Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019).  A limited liability company has the citizenship of each of its individual or entity members.  Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012).  In the proposed second amended complaint, plaintiff does not allege the citizenship of each member of the Proposed LLC Defendants.  Instead, he alleges their state of organization and principal place of business—which are irrelevant to the citizenship of limited liability companies for the purpose of diversity jurisdiction—and the citizenship of only some of the members.  (See Proposed SAC ¶¶ 17–24).  The Court issued an order on August 11, 2022, directing plaintiff to address in his reply brief the citizenship of each proposed new defendant, and pointing out that "[a]n LLC has the citizenship of each of its individual or entity members."  (Doc. #69).  In response, plaintiff repeats his allegation that the Proposed LLC Defendants were organized and have principal places of business in Florida, and he does not identify each of the members.  (See Doc. #71 ("Pl. Reply"), at 10–11).[3]  In other words, plaintiff has not demonstrated subject matter jurisdiction would exist, even though he was granted a second opportunity to do so.  Thus, amendment would be futile.  See Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 54–55 (2d Cir. 2019) (affirming dismissal of complaint when plaintiffs failed to show the citizenship of the parties in response to the district court's order to show cause).

---

[3]     Plaintiff states "the only known members of these entities are [defendant] and Myles." (Pl. Reply at 10–11 (emphasis added)).  But the corporate filings submitted in support of the motion suggest these entities have other members.  For example, the annual reports for FXE Parcel 14, LLC, and FXE Parcel 15, LLC, list a second authorized person in addition to defendant—Lars E. Struck (Doc. #70-3 at ECF 7, 10), who plaintiff alleges is defendant's son.

"ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

For another, amendment also appears futile because plaintiff has not demonstrated the Court may exercise personal jurisdiction over the proposed new defendants. For example, in his proposed second amended complaint, plaintiff makes only conclusory allegations regarding Myles's connection to New York. According to plaintiff, Myles lives in Canada, "had extensive contacts with [defendant] while she was in New York State," and should have reasonably foreseen that his alleged conduct "would have potential consequences to Plaintiff . . . in New York State." (Proposed SAC ¶¶ 38, 161; accord Pl. Reply at 10). These allegations are insufficient to survive a 12(b)(2) motion, and thus adding Myles as a defendant would be futile. See, e.g., Doe v. Del. State Police, 939 F. Supp. 2d 313, 326–31, 335–36 (S.D.N.Y. 2013) (denying leave to amend when plaintiff made only conclusory allegations in support of the exercise of personal jurisdiction over nondomiciliary defendant).

Finally, amendment would be futile with respect to plaintiff's proposed constructive-trust claim. Plaintiff did not heed any of the instructions given by the Court when it explained the reasons for the dismissal of this claim without prejudice on September 2, 2021. That is, plaintiff does not point to any facts "demonstrating that plaintiff does not have an adequate remedy at law, that personal jurisdiction over the partnership exists, and that the partnership aided or abetted defendant's alleged unjust enrichment, or is properly subject to this Court's authority in this case." (Tr. at 36–37).

Accordingly, plaintiff's motion for leave to file a second amended complaint must be denied.

## CONCLUSION

The motion for leave to file a second amended complaint is DENIED.

The Clerk is instructed to terminate the motion.  (Doc. #65).

Dated:  September 12, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge