UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VINCENZO OPPEDISANO, :
                Plaintiff, :
v. : **OPINION AND ORDER**
   :
   : 20 CV 5395 (VB)
LYNDA ZUR, :
                Defendant. :
--------------------------------------------------------------x

Briccetti, J:

Before the Court is plaintiff's motion for reconsideration (Doc. #141) of the Court's Opinion and Order dated March 5, 2024 (Doc. #140 (the "Opinion")), in which the Court denied plaintiff's motion for partial summary judgment, and denied in part and granted in part defendant's motion for summary judgment.

For the reasons set forth below, the motion for reconsideration is DENIED.

The parties' familiarity with the factual and procedural background of this case is presumed.

**DISCUSSION**

I.    Legal Standard

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).[1]  Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered a conclusion reached in the earlier decision.  Shrader v. CSX

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

1

Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Local Civil Rule 6.3.  The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided."  Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

II.     Analysis

In the Opinion, the Court dismissed plaintiff's eleventh cause of action for a declaratory judgment because it is parallel and duplicative of his twelfth cause of action for unjust enrichment.  Plaintiff's eleventh cause of action "seeks a declaratory judgment declaring null and void and invalidating the Purported Trust and Purported Stock Agreement."  (Doc. #13 ("Am Compl.") ¶ 308).  Alternatively, "if the Court finds that no Partnership agreement existed," this claim seeks a declaration "that Plaintiff is entitled to the full value of SANO CORP. as of the date that Zur converted same for the purpose of the successor FBO with Myles."  (Id. ¶ 309).

According to plaintiff, the Court overlooked that the declaratory judgment claim (i) "implicates the parties' current legal rights and obligations," and (ii) "involves much more expansive factual and legal issues" than those raised by plaintiff's other claims.  (Doc. #142 ("Reconsideration Motion") at 1).  Plaintiff also argues newly discovered evidence demonstrates defendant continued to breach her fiduciary duties to plaintiff through 2019.

The Court is not persuaded.  Plaintiff has not identified any fact or controlling law the Court overlooked in dismissing the eleventh cause of action.  Nevertheless, for the avoidance of any doubt, the Court addresses each of plaintiff's arguments in detail below.

A.     Defendant's Ongoing Fiduciary Obligations

In the instant motion, plaintiff argues the "Vincenzo Oppedisano Trust" (the "Trust"), "remains valid today," and defendant therefore owes plaintiff a fiduciary obligation as his trustee.  (Reconsideration Motion at 4).  This a remarkable about-face.  In the amended

2

complaint, plaintiff specifically alleges he never validly executed a trust document and never formed the Trust. (Am. Compl. ¶ 299). Indeed, had plaintiff believed otherwise, presumably he would not have sought a judgment "declaring null and void and invalidating the Purported Trust." (Id. ¶ 308).

To be sure, in seeking summary judgment on the eleventh and twelfth causes of action, plaintiff unsuccessfully attempted to have it both ways—simultaneously arguing "the Purported Trust is a nullity" and defendant "owed Plaintiff an undivided duty of loyalty" as his trustee. (Doc. #121 at 2 n.3, 16). Plaintiff may have tried to minimize this inherent conflict by seeking summary judgment only as to the invalidity of the Purchase Agreement. But, as the Court noted, plaintiff's argument ultimately was premised, at least in part, on the Trust being invalid. (See Opinion at 17 n.6). Put differently, to the extent the Opinion is not otherwise clear, plaintiff is bound by the allegations in his complaint, and he may not amend his pleadings through artfully misleading briefing. Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998); Vuksanovich v. Airbus Ams., Inc., 608 F. Supp. 3d 92, 105 (S.D.N.Y. 2022).

Relatedly, plaintiff's argument fails for the simple reason that he did not plead a claim against defendant for breach of a fiduciary duty as plaintiff's trustee. A declaratory judgment is a procedural mechanism only; whether a plaintiff is entitled to relief turns on the nature of the underlying substantive claim. See In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726, 731 (2d Cir. 1993); Chevron Corp. v. Naranjo, 667 F.3d 232, 244–45 (2d Cir. 2012) ("[A] declaratory judgment relies on a valid legal predicate."). Plaintiff's eleventh cause of action makes no mention of defendant's supposed "ongoing" duties to plaintiff under the Trust, presumably because any such allegation would have been flatly inconsistent with plaintiff's claim that the Trust was never formed. In short, plaintiff never pleaded an "ongoing business relationship"

which "demands declaratory relief."  Frontier Airlines, Inc. v. AMCK Aviation Holdings Ir. Ltd., 676 F. Supp. 3d 233, 254 (S.D.N.Y. 2023).

    B. <u>Whether the Eleventh Cause of Action Is Parallel and Duplicative</u>

Plaintiff next makes several assertions as to why his claim for a declaratory judgment is not resolved by adjudication of his claim for unjust enrichment in the twelfth cause of action. None is availing.

First, plaintiff again asserts his claim for a declaratory judgment "implicates . . . the parties' rights as Trust beneficiary and trustee." (Reconsideration Motion at 7).  For the reasons discussed above, plaintiff cannot retroactively import these issues into his eleventh cause of action simply because it is now convenient to do so.

Second, plaintiff inexplicably argues the eleventh and twelfth causes of action are not duplicative because the Court could determine defendant was unjustly enriched without needing to decide whether the "Purchase and Transfer of Stock Agreement" (the "Purchase Agreement") (Doc. #110-6) is invalid.  Again, plaintiff seems to confuse a remedy with a right to relief.  The twelfth cause of action alleges defendant was unjustly enriched because she purported and appeared to acquire plaintiff's shares of Sano Aviation Corporation ("SAC"), using the allegedly invalid Purchase Agreement. (Am. Compl. ¶¶ 311–12 ("The Purported Trust and [Purchase Agreement] are null and void . . . .  Yet Zur claims she obtained from Plaintiff, via the [Purchase Agreement], all his shares in SANO CORP.")).  Despite plaintiff's conclusory statements to the contrary, the twelfth cause of action pleads no factual or legal basis for a finding of unjust enrichment other than the invalidity of the Purchase Agreement.  Accordingly, to find for plaintiff on his unjust enrichment claim, the Court would necessarily have to find the Purchase

Agreement null and void. This is precisely the question raised by plaintiff's declaratory judgment claim. (See Doc. #121 at 1).[2]

At bottom, plaintiff has pleaded or otherwise raised in this litigation only two possible theories supporting his alleged ownership interest in SAC: (i) he and defendant formed a partnership to operate the FBO; and (ii) the Trust and/or and Purchase Agreement were invalid and therefore defendant never properly acquired plaintiff's shares of SAC. In the Opinion, the Court concluded as a matter of law the parties did not form a partnership. The Court further determined any challenge to the validity of the Trust or Purchase Agreement was time-barred.

Plaintiff is correct the Court could, as a purely literal matter, grant him the relief he seeks by entering the requested declaratory judgment. But such a declaration is foreclosed by the Court's findings on plaintiff's other causes of action. That is, in adjudicating his substantive claims, the Court determined plaintiff has no ownership stake in SAC because there was no partnership, and he can no longer challenge the documents used to transfer his SAC shares. Under these circumstances, the Court could not also enter a judgment declaring plaintiff the valid owner of SAC stock. Accordingly, plaintiff's eleventh cause of action is unnecessary and duplicative. See, e.g., John Gore Org., Inc. v. FDIC, 2021 WL 6805891, at *8 (S.D.N.Y. Dec. 8, 2021) ("Courts reject declaratory judgment claims when other claims in the suit will resolve the

---

[2]  Indeed, plaintiff's preliminary statement in support of partial summary judgment reads explicitly:

> Plaintiff seeks summary judgment on two discrete issues: (i) whether a stock transfer agreement purporting to transfer all of the shares of [SAC] . . . was void and/or voidable, and therefore should be declared a legal nullity (Plaintiff's 11th cause of action); and (ii) whether Plaintiff is entitled to damages because Defendant was unjustly enriched by attempting to unlawfully transfer ownership of SAC to herself, thereby gaining the appearance of ownership and control of same (Plaintiff's 12th cause of action).

(Doc. #121 at 1).

same issues because, under such circumstances, a declaratory judgment will not serve any useful purpose.").

      C.      Newly Discovered Evidence

Finally, plaintiff claims newly discovered evidence shows defendant's "self-dealing and Trust fraud" continued through 2019, when she sold half of the shares of SAC to her new business partner. (Reconsider Motion at 11).

As an initial matter, this is not newly discovered evidence. Johnson v. Askin Cap. Mgmt., L.P., 202 F.R.D. 112, 114 (S.D.N.Y. 2001) ("Evidence is not 'newly discovered' if it was in the moving party's possession prior to the entry of judgment."). Approximately seven months passed between the time plaintiff received this new evidence and when the Court ruled on plaintiff's summary judgment motion. Yet, plaintiff waited until after the Court had issued a decision to raise this supposedly new information in a motion for reconsideration. Moreover, the new evidence plaintiff submits was produced in discovery in this matter, following a Rule 45 enforcement proceeding plaintiff initiated. Oppedisano v. Fort Lauderdale Exe. Jet Ctr., LLC, No. 22-mc-61569 (RS) (S.D. Fla. filed Aug. 24, 2022). Plaintiff chose to move for summary judgment, notwithstanding his awareness discovery materials were supposedly still outstanding. He now seeks to relitigate his claims based on this "new" material. The Court will not condone such tactics.

In any event, even if it is "newly discovered," the evidence submitted does not warrant reconsideration of the Opinion. First, since the beginning of this litigation, defendant has asserted she alone owned SAC at the time Marshall Myles entered the picture. (Doc. #110 ¶ 22 ("To be clear, from at least January 2011 (when Sigrun Corporation purchased the stock of Sano Aviation Corporation) until the formation of Fort Lauderdale Executive Jet Center (in April

2019), [Lynda Zur] was the sole owner of the FBO business in Florida.")).  Second, as discussed above, plaintiff has not shown he has any legal claim to SAC stock or otherwise to an ownership interest in the FBO.  Accordingly, that defendant sold half of the SAC stock to Mr. Myles in 2019 does not somehow demonstrate a "continuous and ongoing harm to Plaintiff."  (Reconsideration Motion at 10).

## CONCLUSION

The motion for reconsideration is DENIED.

Counsel are reminded that the Court will conduct a case management conference on April 4, 2024, at 11:00 a.m., in Courtroom 620 at the White Plains courthouse.

The Clerk is instructed to terminate the motion.  (Doc. #141).

Dated:  April 2, 2024
　　　　White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge